UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAYMOND M. BINNEY,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:12-CR-00272<br><br>OPINION & ORDER<br>[Resolving Doc. No. 42] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Petitioner Raymond Binney moves to vacate the sentence this Court imposed after Binney's conviction for knowingly using a computer to receive and distribute visual depictions of minors engaged in sexual conduct, in violation of 18 U.S.C. § 2252(a)(2).[1]

At the plea colloquy, the Court failed to inform Binney of four Rule 11 rights.[2] Binney says that he was denied effective assistance of trial counsel because his attorney failed to recognize these errors and to object to these errors. He alleges that his trial counsel, Henry Hilow, "promised" a sentence of 5-8 years, and that if Hilow had identified the omissions in the plea colloquy, Binney would have learned that the 5-8 year sentence promise he says he received was not enforceable. Binney maintains that he would have withdrawn his plea if this information had come to light before sentencing. Binney also maintains that he was denied effective assistance of counsel based on (1) his trial counsel's failure to object to the remaining Rule 11 omissions or inform him of the

[1]Doc. 42.

[2]Federal Rule of Criminal Procedure 11 requires that a court address the defendant personally in open court and inform the defendant of, or determine that the defendant understand, a set of rights before accepting a guilty plea.

omissions before sentencing; (2) his counsel's failure to oppose a five-point enhancement for distribution at sentencing; and (3) his counsel's failure to investigate or present mitigating evidence.[3/]

The United States opposes Binney's motion.[4/] Most specifically, the United States offers evidence that Binney's attorney never promised Binney any specific sentence. For the following reasons, the Court **DENIES** Binney's motion.

## I. Factual and Procedural Background

On May 30, 2012, Petitioner Binney was named in a two-count indictment for charges related to child pornography.[5/] Binney had previously hired Attorney Henry Hilow to advise him after an earlier search of his residence; Hilow continued to represent Binney after his arrest.[6/] The earlier search focused on whether Binney illegally downloaded and distributed child pornography. At the arraignment on June 1, 2012, Binney pleaded not guilty.[7/]

On July 11, 2012, Binney entered a guilty plea to Count I: receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(2).[8/] Count II was dismissed at the time of sentencing.[9/]

At the plea hearing, Binney stated that he did not have any complaints about the way Hilow

[3/] *Id.*

[4/] Doc. 45.

[5/] Doc. 1. For a more extensive explanation of the factual predicate for Petitioner Binney's indictment, see the Sixth Circuit decision issued on direct appeal. Doc. 34. *See also* Doc. 42; Doc. 45.

[6/] Doc. 3.

[7/] *Id.*

[8/] Doc. 13.

[9/] Doc. 33 at 20.

had represented him. Binney confirmed that Hilow had made himself available to talk to Binney about his case.[10]

The Court advised Binney of his rights under Rule 11. However, nobody, neither the judge, the prosecutor or the defense attorney, noticed that the Court failed to advise Binney of four Rule 11 requirements before accepting Binney's guilty plea. The Court did not:(1) obtain Binney's confirmation that there were no force, threats, or promises that induced him to plea;[11] (2) obtain Binney's acknowledged waiver of his right to testify and present evidence at trial;[12] (3) confirm the Court's obligation to calculate and consider the Sentencing Guidelines and statutory sentencing factors;[13] and (4) confirm Binney's right to maintain his non-guilty stance.[14]

After the plea hearing, the Probation Office prepared a draft presentence investigation report that Binney reviewed.[15] Attorney Hilow did not object to the inclusion of a five-point enhancement under U.S.S.G. § 2G2.2(b)(3)(B), which is applied in child pornography cases if the offense involved "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."[16] However, Binney himself objected to the five-point enhancement *pro se*.[17] He noted in his letter that if this enhancement were in effect that "this changes the guidelines from 120 to 210 months."[18] Probation did not remove the five-point enhancement. Binney was sentenced

[10] *Id.*
[11] Fed R. Crim Pro. 11(b)(2).
[12] Fed R. Crim. Pro. 11(b)(1)(E).
[13] Fed. R. Crim. Pro 11(b)(1)(M).
[14] Fed. R. Crim. Pro. 11(b)(1)(B).
[15] Doc. 14.
[16] Doc. 42 at 15.
[17] Doc. 15 at 75.
[18] *Id.*

under the scored offense level of 37.[19]

Attorney Hilow submitted a sentencing report which attached thirty pages of letters addressing Binney's character and possible mitigating factors.[20] At the sentencing, Hilow spoke on his client's behalf with regards to possible mitigating factors and the circumstances surrounding the criminal offense.[21] At the sentencing hearing, the Court asked whether Binney had any remaining objections to the PSR.[22] After consultation with counsel, Binney responded "No, Your Honor."[23]

The final PSR gave a recommended guideline range of 210-240 months. The Court sentenced Binney to 180 months of incarceration.

Binney lost a direct appeal in which he challenged the Rule 11 omissions and the application of the five-point sentencing enhancement.[24]

Binney has now submitted the instant § 2255 habeas petition. While the Court of Appeals had found the Rule 11 mistakes insufficient to reverse Binney's conviction, Binney now claims his attorney was ineffective for missing the Rule 11 omissions, for failing to oppose the five-point enhancement, and for failing to offer mitigating evidence.

Binney generally says that his attorney somehow promised him a 5-8 year sentence and that he would not have pled guilty if the Court had insured that there had been no threats or promises.[25]

---

[19] Doc. 33 at 14.

[20] Doc. 17.

[21] Doc. 33 at 7-9.

[22] *Id.* at 4.

[23] *Id.* at 5.

[24] Doc. 34.

[25] Doc. 46-1 at ¶¶ 9-11. In addition, Binney's sisters Beverly Hatfield and Lisa Teters submitted affidavits on his behalf, detailing allegations of sexual abuse in Binney's past and their involvement with his court proceedings. Doc. 46-2. Doc. 46-3.

He also makes some generalized claim that he had not been aware of the Sentencing Guidelines. In other words, Binney argues that the Rule 11 omissions caused him to plead guilty.

Attorney Hilow denied Binney's claims. Hilow says, "I discussed the maximum possible penalties of Receipt and Distribution and Possession of Child Pornography with Mr. Binney. We also discussed the effect of advisory Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors at sentencing."[26/] He continued that "[a]t no time during my representation of Mr. Binney did I promise him he would receive a sentence in the range of five to eight years. I met with Mr. Binney prior to sentencing and discussed possible mitigation, including Mr. Binney's childhood history."[27/]

Due to the factual conflicts, this Court ordered an evidentiary hearing.[28/]

## II. Legal Standard

### A. Section 2255 Motion

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or

[26/]Doc. 45-1.

[27/]*Id.*

[28/]If a habeas petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claim." *Pola v. U.S.*, 778 F.3d 525, 532 (6th Cir. 2015) (quoting *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)). "When a defendant presents an affidavit containing 'a factual narrative of the events that is neither contradicted by the record nor inherently incredible' and the government offers nothing more than 'contrary representations' to contradict it, the defendant is entitled to an evidentiary hearing." *Huff*, 734 F.3d at 607 (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007)).

4) That the sentence is otherwise subject to collateral attack.[29]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[30] And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[31]

**B. Ineffective Assistance of Counsel**

Petitioner alleges that his constitutional right to effective assistance of counsel was violated. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[32] First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[33] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[34] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[35]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[29] *Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).

[30] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

[31] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).

[32] 466 U.S. 668 (1984).

[33] *Id*. at 688.

[34] *Id*. at 690.

[35] *Id*. at 690-91.

proceeding would have been different."[36]

### C. Evidentiary Standard

A habeas petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[37]

## III. Analysis

The Court concludes that Petitioner's trial counsel was not constitutionally deficient. Binney's testimony at the evidentiary hearing was unconvincing and is belied by the record. He has not met his burden of demonstrating that Attorney Hilow rendered constitutionally deficient representation on any of the grounds raised. The Court denies Binney's habeas petition.

### A. Ineffective Assistance of Counsel For Failure to Recognize Rule 11 Omission as to the Absence of Force, Threats, or Promises [38]

*I. Credibility Assessment as to the Alleged "Promise" Of a 5-8 Year Sentence.*

Binney claims that Attorney Hilow promised Binney that his sentence would be 5-8 years. Attorney Hilow denies that he made any such promise.

Binney's argument that Hilow had promised a 5-8 year sentence is not believable for obvious reasons. Assistant U.S. Attorney Carol Sputnik had informed Hilow before Binney's plea that the

---

[36] *Id*. at 695.

[37] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[38] In this section the Court addresses both the arguments as to Hilow's actions during the plea hearing and between the plea hearing and sentencing.

United States anticipated that the Guidelines offense level calculation would be 37.[39/] Attorney Hilow shared the Government's position with Binney.[40/] With the Government seeking a sentence over twenty years, Hilow would have no reason to promise a 5-8 year sentence that the government would oppose.

Indeed, because Binney sought an open plea rather than a Criminal Rule 11(c)(1)© plea agreement, Defense Attorney Hilow could not predict what sentence the Court would choose.

Beyond his failure to prove why or how Defense Attorney Hilow would make such an unenforceable promise, the sentencing process undercuts Binney's claim that Hilow promised Binney a 5-8 year sentence.

After pleading guilty, on August 17, 2012, the Probation Office circulated a draft presentence report.[41/] That presentence report recommended a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B), and recommended a Guideline sentence of "210 to 262 months."[42/]

Binney received that draft presentence report and personally objected to the five-level enhancement for distribution. Binney's objection belies his argument that an alleged failure to advise him regarding the Guidelines application led to his plea.

In objecting to the distribution enhancement, Binney said the distribution enhancement "changes the guidelines from 120 to 210 months."[43/] It is illogical that Binney would personally

[39/]Transcript of Evidentiary Hearing at 23 (November 4, 3015) [hereinafter Hrg. Tr.].

[40/]*Id.* (Attorney Hilow testified: "Q. And it's your testimony that those [AUSA Sputnik's] calculation were relayed to Mr. Binney prior to his plea? A. Correct. And that's why the understanding and belief was the way it was calculated and I understood the calculations he would come out approximately a Level 37.")

[41/]Doc. 14.

[42/]*Id.* at 16.

[43/]As the Sixth Circuit concluded, Binney's objection to the five-level U.S.S.G. § 2G2.2(b)(3)(B) enhancement properly lost. Doc. 34 at 7-8. Binney admitted using peer-to-peer software to receive or distribute pornography and admitted he did not disable the software. More importantly, Binney had sent chat messages to other peer sharing users
(continued...)

contest the Guidelines range if he believed he had been promised a 5-8 year sentence. Moreover, Binney also cannot credibly maintain, as he did in his affidavit, that he would have "insisted on going to trial" if he had known about the 210-240 range. Based on the PSR objection, Binney knew about the range when there was still time to withdraw his plea. He did not withdraw his plea, or even discuss withdrawing his plea with his attorney.[44/]

Further, the sentencing hearing undercuts Binney's claim that he had been promised a 5-8 year sentence. At sentencing, Binney said "[m]y lawyer has tried to explain to me the Sentencing Guidelines compared to the statutory penalties, and I'm having a hard time understanding how you go about calculating your sentence." This Court then fully explained the Guidelines and statutory penalty relationship.[45/] At the conclusion of this explanation, the Defendant stated that he had no remaining objections.[46/]

Then, the Court asked Defense Attorney Hilow if Hilow had a sentencing recommendation. Hilow responded that the Court should "consider the mean sentence in these type of cases."[47/] The

---

[43/](...continued)
with directions how those users could upload images and videos from the peer-to-peer software.

[44/]Hrg. Tr. at 8.

[45/]Doc. 33 at 3-4 (This Court explained: "Well, in general, I need to impose a sentence that is sufficient but no greater than needed. In making a determination what that should be, I first look at the Guideline calculations and the range that is recommended by the Guidelines. Then I consider whether there are any grounds to depart from those Guidelines. Then I consider certain statutory factors, especially those under Section 3553, and consider whether there are reasons to either vary from those Guidelines, or in addition, consider those factors in deciding what is an appropriate sentence. So, that's the general method that the sentence is computed on, and the factors under 3553 are generally the nature and the circumstances of the offense, your history and characteristics, the need for the sentence to reflect just punishment, afford adequate deterrence, both to you and to others, protect the public, reflect the seriousness of the offense, improve your conduct, and afford whatever rehabilitation may be appropriate. I also need to consider the issue of the types of sentences available. In this case there is a five-year mandatory minimum up to life imprisonment, and -- or up to 20 years. And finally, I consider the issue of disparities and consider the issue of restitution. So, those are the general factors. The Guidelines give a recommended sentence, but I'm not – I can sentence above the Guidelines or I can sentence below the Guidelines.").

[46/]*Id.* at 4-5.

[47/]*Id.* at 11.

presentence report had stated the mean sentence was 110 months.[48] Even though Binney heard Hilow recommend a 110 month sentence, Binney never objected that he had been promised a 5-8 year sentence.

And after this Court imposed a below-Guidelines sentence of 180 months, Binney raised no objection.[49]

From the start, Binney "always indicated to [Attorney Hilow] he was going to enter a plea."[50] Attorney Hilow testified credibly that he never told Binney that he would receive a sentence of 5-8 years and testified credibly that he never told Binney what sentence Binney might receive.[51]

*ii. Ineffective Assistance of Counsel: Objectively Unreasonable Representation*

Returning to Binney's argument that he was denied the effective assistance of counsel, Hilow's failure to recognize the plea colloquy omissions did not "[fall] below an objective standard of reasonableness" and was not "outside the wide range of professionally competent assistance." The Court finds that Attorney Hilow's actions were not objectively unreasonable. Hilow readily admits that he missed the four recitations in the plea colloquy—as did the Court and the Assistant United States Attorney. But in the context of the full criminal case, this error was not unreasonable. The Court credits Hilow's testimony that he took the opportunity at the July 5, 2012 meeting to fully

[48] Doc. 14 at 19. The record indicates that Binney read the PSR very closely. In addition to objecting to the five-point enhancement, Binney also noted other errors in dates and the particular financial status of the buildings he manages. Doc. 15 at 23-24. *See also* Hrg. Tr. at 70-73.

[49] Doc. 33 at 20-21.

[50] Hrg. Tr. at 8.

[51] Hrg. Tr. at 6, 38-39.

prepare Binney to take the plea.[52] Hilow testified that he went over Binney's Rule 11 rights with Binney. Hilow testified that he wanted to make certain that Binney did not have a "change of heart."[53] Hilow's testimony demonstrates that Binney had a full understanding of the plea he was taking, and that Hilow would not have proffered Binney for the plea otherwise.[54] Moreover, after the plea, Hilow credibly testified that he had no reason to go looking for deficiencies that could aid Binney in withdrawing the plea. Binney had not expressed any desire to change his plea. Under these circumstances, Attorney Hilow's actions were not objectively unreasonable.[55]

*iii. Ineffective Assistance of Counsel: Prejudice*

Turning to the prejudice prong, the Court finds that Binney has fallen far short of demonstrating that "but for" Hilow's errors, the result of the proceeding would have been different.

In the absence of any credible testimony that Hilow "promised" a 5-8 year sentence, there is no indication that the outcome of Binney's plea would have been different had Hilow identified the Rule 11 omissions.

Indeed, Binney has failed to address a fatal flaw in his reasoning: Binney always had the capability of moving to withdraw his plea. There was no need for Hilow to identify the plea colloquy omissions for the protections of Rule 11(d)(2) to be available. Particularly given Binney's

---

[52] Hrg. Tr. at 10-12

[53] *Id.*

[54] *Id.* at 15-16.

[55] Petitioner's citation to United States v. Rodriguez-Penton, 547 F. App'x 738, 740 (6th Cir. 2013) is unavailing. In *Rodriguez-Penton*, an attorney failed to indicate that the petitioner's plea could result in his deportation. Here, Hilow credibly testified that he took great care to inform Binney of the "succinct, clear, and explicit" consequences of his plea, as *Rodriguez-Penton* requires. Hrg. Tr. at 11. What Binney complains of is Hilow's failure to inform Binney of the Rule 11 omissions and their potential effect on Binney *changing* his plea. This is not grounds for a finding of objectively unreasonable representation, both in light of the circumstances described above, and because Binney always had the right to move to change his plea, regardless of his counsel identifying these Rule 11 omissions.

active engagement in the PSR the Court credits Hilow's testimony that Binney was well aware of the 210-240 month range he was facing during the time period between plea and sentencing. And yet, Binney did not move to withdraw his plea. He did not discuss the idea with his lawyer. He indicated to the Court that he had no remaining objections to the PSR at sentencing. Binney cannot show that "but for counsel's unprofessional errors, the result of the proceeding would have been different."

Pointing to Sixth Circuit case law, Petitioner Binney insists that his testimony "though self-serving" can be sufficient to demonstrate the prejudice prong of the ineffective assistance of counsel test.[56/] However, non-credible testimony—by all appearances concocted after the fact to spin this Court's Rule 11 omissions into an ineffective assistance of counsel claim—cannot.

**B. Ineffective Assistance of Counsel For Failure to Recognize Other Rule 11 Omissions.**

The parties have identified three other omissions made by the Court at the plea colloquy: (1) Binney's right to maintain his non-guilty stance;[57/] (2) his right to testify and present evidence at trial;[58/] (3) the Court's obligation to calculate and consider the Sentencing Guidelines and statutory sentencing factors.[59/] Binney has not met his burden of showing that Hilow's failure to recognize these errors at the plea hearing or afterwards were ineffective assistance of counsel.

As described above, Hilow's failure is not objectively unreasonable.

Moreover, Binney has failed to demonstrate prejudice. The Sixth Circuit found that Binney

---

[56/] *Hodges v. Colson*, 727 F.3d 517, 538 (6th Cir. 2013).
[57/] Fed. R. Crim. Pro. 11(b)(1)(B).
[58/] Fed R. Crim. Pro. 11(b)(1)(E).
[59/] Fed. R. Crim. Pro 11(b)(1)(M).

had not demonstrated that there was a reasonable probability of another outcome had Hilow identified these omissions.[60] Binney has not put forward any new credible evidence to oppose this conclusion. Based on the record and the testimony given at the evidentiary hearing, Binney was aware of the substance of these rights before he was sentenced.[61] He still chose to enter his plea and go forward to sentencing. Learning of the errors in the plea colloquy itself would not have resulted in Binney withdrawing the plea.[62]

### C. Ineffective Assistance of Counsel For Failure Oppose The Five-Point Sentencing Enhancement.

Binney cannot show that Hilow's failure to object to the five-point sentencing enhancement under § 2G2.2(b)(3)(B) was constitutionally deficient. This enhancement is applied to a child pornography charge if the offense involved "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."[63]

Hilow credibly testified at the evidentiary hearing that he could not reasonably oppose the

[60] Doc. 34 at 4.

[61] Hilow is an experienced criminal defense attorney, and credibly testified that he took the time to review Binney's rights with him before entering the plea. Hrg. Tr. at 11. Moreover, as the Sixth Circuit pointed out the Court "notified [Binney] of his right to a trial, implicitly informing him of his right to persist in his non-guilty plea, testify, and present evidence." Doc. 34 at 4. And at the sentencing hearing, the Court explained at length that it must consider the Sentencing Guidelines and statutory factors. Doc. 33 at 3-4.

[62] Petitioner Binney also states that "during his plea colloquy, this Court failed to instruct Mr. Binney that he was subject to a mandatory term of supervised release. Specifically, Mr. Binney's conviction subjected him to a mandatory minimum term of five years of supervised release." Doc. 42 at 7. Binney did not raise this on his direct appeal. Binney does not offer any additional argument or evidence that this information would have altered his plea. Moreover, the Court did inform Binney that he was subject to supervised release for up to the rest of his life. Doc. 32 at 5. Binney has not met his burden of showing that Hilow's failure to identify this gap in the plea colloquy constitutes ineffective assistance of counsel.

[63] Doc. 15 at 75.

five-point enhancement in consideration of the evidence against Binney.[64] It is not objectively unreasonable for counsel to make such a strategic decision.

Moreover, Binney cannot demonstrate prejudice. He took it upon himself to oppose the five-point enhancement *pro se*. He was not successful in opposing the enhancement. There is no indication that Hilow's involvement would have altered the outcome.

Binney did not suffer ineffective assistance of counsel as to the five-point sentencing enhancement.

**D. Ineffective Assistance of Counsel For Failure To Present Mitigating Evidence**

Binney cannot show that Hilow's representation was constitutionally deficient for failure to present mitigating evidence.

First, Hilow did not fail to present mitigating evidence. The PSR referenced Binney's childhood trauma. More importantly, Hilow submitted a sentencing memorandum that included letters that referenced Binney's childhood abuse history.[65] Moreover, he raised these mitigating factors at the sentencing hearing.[66] There is no indication that Hilow's efforts fell below an objectively reasonable standard.

Moreover, Binney cannot establish prejudice. "To establish prejudice, the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented at sentencing."[67] In this § 2255, Binney has submitted two

---

64/ Hrg. Tr. at 19.
65/ Doc. 17.
66/ Doc. 33.
67/ *Clark v. Mitchell*, 425 F.3d 270, 286 (6th Cir. 2008).

additional affidavits from his sisters, both of which indicate Binney's history of childhood abuse.[68] However, these do not indicate any difference in strength or subject matter from the mitigating evidence that Attorney Hilow offered to the Court at sentencing.

Binney did not suffer ineffective assistance of counsel as to the presentation of mitigating evidence.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Binney's motion under 28 U.S.C. § 2255. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[69]

IT IS SO ORDERED.

Dated: November 13, 2015

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[68] Doc. 46-1; Doc. 46-2.

[69] 28 U.S.C. § 2253©; Fed. R. App. P. 22(b).