UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

RAYMOND M. BINNEY,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

------------------------------------------------------

CASE NO. 1:12-CR-272

OPINION & ORDER
[Resolving Docs. 58, 60, 63]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 13, 2015, this Court denied Petitioner Raymond Binney's 28 U.S.C. § 2255 motion.[1] Now, Binney has filed an additional § 2255 motion. Because the Court finds that Binney's motion is a successive petition, the Court **TRANSFERS** the motion to the United States Court of Appeals for the Sixth Circuit.

## I.     Background

The core issue is whether Binney's first § 2255 habeas motion was ripe when this Court denied the petition.

On July 11, 2012, Binney pled guilty to receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(2).[2]

After the plea hearing, the Probation Office prepared a draft presentence report ("PSR").[3] Plaintiff objected *pro se* to the PSR's inclusion of a five-point sentencing enhancement (the "Enhancement") under U.S.S.G. § 2G2.2(b)(3)(B).[4] Courts apply this Enhancement in child

---

[1] Doc. 50.
[2] Doc. 13.
[3] Doc. 14.
[4] Doc. 15 at 75.

pornography cases when the offense involved "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."[5] Probation did not remove the Enhancement from the PSR.

The final PSR recommended a Guideline range of 210-240 months.[6] The Court applied the five-point Enhancement, scored Binney's offense level at 37, and sentenced him to 180 months of incarceration.[7]

Binney lost his direct appeal challenging the Enhancement's application.[8] He then filed a § 2255 habeas petition, again challenging the Enhancement.[9] The Court denied his § 2255 petition.[10]

Now, Binney brings another § 2255 petition, again challenging this Court's use of the five-point Enhancement.[11] As a threshold matter, Binney says his instant § 2255 is not a successive petition because his first § 2255 was unripe. Binney reasons his first § 2255 petition was unripe because the U.S. Sentencing Commission issued a clarifying amendment (the "Amendment") regarding the Enhancement after Binney filed his first § 2255.[12]

## II. Legal Standard

Before a federal prisoner can file a second or successive § 2255 motion to a district court, the Sixth Circuit must authorize the filing.[13] "[C]ourts have not, however, construed 'second or successive' to encompass all § 2255 motions or habeas petitions that are 'numerically' second in

---

[5] Doc. 42 at 15. In his pro se motion, Binney noted that the five-point enhancement increased his sentencing recommendation under the Guidelines from 120 to 210 months. Doc. 15 at 75.
[6] Doc. 15 at 17.
[7] Doc. 33 at 14, 17.
[8] Doc. 34.
[9] Doc. 42.
[10] Doc. 50.
[11] Doc. 58.
[12] *Id.* at 2.
[13] *In re Clemmons*, 259 F. 3d 489, 491 (6th Cir. 2001); 28 U.S.C. §§ 2244(b)(3)(A), (C).

the sense that they are literally the second motion filed."[14]  And, generally, the prohibition on "second or successive" § 2255 petitions is "virtually identical" to that on § 2254 filings.[15]

As a threshold matter, the phrase "second or successive" relates to the judgment challenged.[16]  If a petitioner therefore seeks to challenge the same judgment already the subject of a § 2255 petition, his petition must either (a) fall within an exception to the ban on second and successive petitions or (b) receive authorization from the court of appeals.[17]

In general, exceptions to second and successive petitions ban exist only in narrow circumstances, including when a petitioner's claim is unripe at the time he filed his first petition.[18]

### III.    Analysis

Petitioner Binney's latest § 2255 motion is a successive petition. The Sixth Circuit must authorize the petition before this Court can consider its merits.

In his first § 2255 petition, Binney said he received ineffective assistance of counsel when his attorney failed to object to the Enhancement.[19]  This Court rejected this argument, finding "[Binney's attorney] credibly testified at the evidentiary hearing that he could not

---

[14] *Myers v. Coleman*, 2:12-CV-0975, 2013 WL 3984282, at *5 (S.D. Ohio Aug. 1, 2013) (Report and Recommendation) (alteration in the original) (*quoting In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) and citing cases).
[15] *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) ("Indeed, there is no meaningful way to distinguish between § 2254 and § 2255 with respect to the restrictions imposed by the AEDPA.") (internal quotation marks omitted) (citing cases).
[16] *Magwood v. Patterson*, 130 S.Ct. 2788, 2797 (2010).
[17] *See id.* at 2799 n.11; *see also In re Smith*, 690 F.3d 809, 809-10 (6th Cir. 2012).
[18] *See Panetti v. Quarterman*, 551 U.S. 930, 938, 947 (2007) (finding no successive petition where petitioner raised a mental health claim that was previously unripe); *see also In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (finding no successive petition where the petitioner raised an ex post facto claim challenging the cumulative effect of amendments to state's parole system), *In re Bowen*, 436 F.3d at 705-06 (finding no successive petition where petitioner's ineffective assistance of counsel claim was not ripe at the time of his initial petition).
[19] Doc. 50 at 13-14.

Case No. 1:12-CR-272
Gwin, J.

reasonably oppose the five-point enhancement in consideration of the evidence against Binney."[20]

Binney now argues that his challenge to the Enhancement was unripe because the U.S. Sentencing Commission amended its commentary regarding the Enhancement.[21] "'But what makes a claim unripe,' at least for purposes of the exception to the bar on second or successive motions, 'is that the factual predicate has not matured, not that the law was unsettled' or has changed."[22]

Here, the facts underlying Binney's sentence are unchanged. Binney not only had thousands of child pornography images and videos on his computer, but also sent chat messages to other peer-to-peer software users with directions how those users could upload images and videos.[23] His claim was ripe when he filed his first § 2255.

Moreover, even after the clarifying amendment, Binney still qualifies for the Enhancement. Under the Amendment, the Enhancement applies when a defendant "agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material."[24] Here, Binney used peer-to-peer file sharing to distribute child pornography and advise others on how they could share similar videos and images. In return, he received more pornography.[25]

Nothing in the Amendment suggests the Court improperly applied the Enhancement to Binney's sentence. Binney's § 2255 petition is successive.

---

[20] Doc. 50 at 13-14.
[21] Doc. 58 at 1.
[22] *Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015) (quoting *U.S. v. Claycomb*, 577 F.App'x. 804, 805 (10th Cir. 2014)).
[23] Docs. 15 at 9; 50 at 8-9 n.43; Doc. 55 at 31:7-32-7.
[24] U.S.S.G § 2G2.2 (2016 Amendments).
[25] Doc. 15 at 9.

Case No. 1:12-CR-272
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court finds that Binney's motion is a successive petition, under 28 U.S.C. § 2255(h). Therefore, the Court **TRANSFERS** the motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.


Dated: May 23, 2017 *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE