UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:12-cr-272 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 70] |
| vs. | : | |
| RAYMOND M. BINNEY, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Raymond Binney moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] Binney argues that the conditions at his prison facility make it likely that he will contract COVID-19 and claims that his slight obesity and some kidney disease history cause him increased virus complication risk.[2] The Government opposes.[3] For the reasons stated below, the Court **DENIES** Binney's motion.

I.  Background

In 2012, Binney was convicted of receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2).[4] The Court sentenced Binney to 180 months' imprisonment and five years' supervised release.[5] Binney has been incarcerated since his June 1, 2012 arrest.[6] The Bureau of Prisons houses Binney at FCI Milan in Michigan.[7]

---

[1] Doc. 70.
[2] *Id.*
[3] Doc. 71.
[4] Doc. 13; Doc. 19.
[5] Doc. 19 at 2–3.
[6] Doc. 15 at 1.
[7] Doc. 70 at 3.

Case No. 1:12-cr-272
Gwin, J.

## II. Discussion

Binney, now 50, has a history of kidney disease and has recently developed slight obesity.[8] Binney claims that the conditions at FCI Milan make proper sanitation and social distancing impossible, increasing his risk of COVID-19 infection.[9] As of the writing of this order, FCI Milan has seen more than 140 COVID-19 inmate and staff infections and three inmate deaths.[10] The facility has two current active COVID-19 infections.[11]

Binney has served just over half of his 180-month sentence and has taken several college classes while incarcerated.[12] If released, Binney plans to live with his sister in Parma, Ohio.[13] The Government opposes Binney's release.[14]

### A. Exhaustion

The Court may modify a sentence upon the defendant's motion if the motion is filed 30 days after the defendant requests compassionate release from his facility's warden.[15] On July 28, 2020, Binney first requested compassionate release from FCI Milan's warden.[16] On September 30, 2020, Binney's attorney filed a supplemental compassionate release motion.[17] Because more than 30 days passed between Binney's compassionate-release request and Binney's supplemental motion in this Court, as the government concedes, Binney satisfies 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.[18]

---

[8] Doc. 75-2 at 40; Doc. 76 at 2.
[9] Doc. 70 at 8.
[10] Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Oct. 21, 2020).
[11] *Id.*
[12] Doc. 66-2 at 9.
[13] Doc. 70 at 10.
[14] Doc. 71.
[15] 18 U.S.C. § 3582(c)(1)(A).
[16] Doc. 66-1.
[17] Doc. 70.
[18] *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Case No. 1:12-cr-272
Gwin, J.

### B. Eligibility

To grant a compassionate release sentence reduction, however, the Court must find that "extraordinary and compelling reasons warrant such a reduction."[19] The Court must also consider the 18 U.S.C. § 3553 sentencing factors.[20]

Binney's circumstances do not present extraordinary and compelling reasons favoring compassionate release. Binney is a healthy 50-year-old.[21] While obesity and kidney disease are COVID-19 risk factors,[22] Binney has only recently developed slight obesity, and his kidney disease appears to have abated.[23] These conditions do not make Binney particularly vulnerable to COVID-19 complications.

While FCI Milan's conditions do increase Binney's COVID-19 risk, the 18 U.S.C. § 3553 sentencing factors weigh greatly against Binney's compassionate release. Before his arrest, Binney amassed a nearly 10,000-video and 30,000-image child pornography collection.[24] The sordid collection's content was particularly egregious, involving bestiality, bondage, and extremely violent prepubescent child abuse.[25] And Binney was not merely a child pornography consumer. He was an active internet child pornography distributor.[26]

Further, Binney has served only half his sentence. Binney's good behavior and rehabilitative efforts in prison, while admirable, cannot overcome the sentence's nearly

---

[19] 18 U.S.C. § 3582(c)(1)(A)(i).
[20] *Id.*
[21] Doc. 15 at 2.
[22] *People with Certain Medical Conditions*, CDC (Oct. 16, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[23] Doc. 75-2 at 40; Doc. 76 at 2.
[24] Doc. 15 at 6.
[25] *Id.* at 6–7.
[26] *Id.* at 9.

Case No. 1:12-cr-272
Gwin, J.

seven-year remaining balance. Releasing Binney would not sufficiently reflect the seriousness of his offense, provide just punishment for it, or promote respect for the law.[27]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Binney's compassionate release motion.

IT IS SO ORDERED.

Dated: October 22, 2020          *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[27] 18 U.S.C. § 3553.

-4-