UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:12-cr-0272 |
|  | : |  |
| Plaintiff, | : |  |
|  | : | OPINION & ORDER |
| v. | : | [Resolving Doc. 87] |
|  | : |  |
| RAYMOND M. BINNEY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Because the Court finds that Defendant Raymond Binney does not raise extraordinary and compelling reasons warranting a sentence reduction, the Court **DENIES** Defendant's compassionate release motion.

##    I.    Background

In 2012, Defendant Binney pleaded guilty to non-production child pornography offenses.[1]  Binney used an online file-sharing program to exchange child pornography, and a private email account to distribute it.[2]

The Court sentenced Defendant to a below-Sentencing Guidelines 180-month prison term.[3]  At sentencing, the Court found that Defendant's conduct warranted Guidelines enhancements: An USSG §2G2.2(b)(2) two-level increase for images that depicted prepubescent minors; an USSG §2G2.2(b)(3)(B) five-level increase for distributing images in receipt for a "thing of value;" an USSG §2G2.2(b)(4) four-level increase because the images "portrayed sadistic or masochistic conduct or other depictions of violence;" an

---

[1] Doc. 13
[2] Doc. 34 at 1.
[3] *Id.*

Case No. 1:12-cr-0272
GWIN, J.

USSG §2G2.2(b)(6) two-level increase for using a computer; and an USSG §2G2.2(b)(7)(D) five-level increase because the offense involved more than 600 pictures.[4]

The Sixth Circuit affirmed.[5]  This Court denied Defendant's § 2255 habeas petition.[6] The Court also denied Defendant's first compassionate release motion, motion for reconsideration, and second compassionate release motion.[7]

Defendant's release date is March 12, 2024 and he is eligible for halfway house placement in March 2023.[8]

## II.    Defendant's Third Compassionate Release Motion

In December 2021, Defendant Binney filed the third compassionate release motion that the Court considers in this opinion and order.[9]  His court-appointed attorney supplemented the motion.[10]  The Government opposes.[11]  Defendant filed a response.[12]

In the *pro se* motion, Defendant said that, if released, he would live with his sister and that he had two job offers.[13]  Binney's counsel-assisted motion repeated that Binney could live with his sister.[14]  In later motions, Binney's counsel provided the name of the alleged potential employer and another residence where he could alternatively live.[15]

The Court asked the U.S. Probation Office to investigate those claims.  Probation reported that Binney could not lawfully reside at either address.  Probation also found that

---

[4] *Id.*
[5] Doc. 34.
[6] Doc. 50.
[7] Doc. 77; Doc. 81; Doc. 85.
[8] Doc. 90 at 4.
[9] Doc. 87.
[10] Doc. 90.
[11] Doc. 93.
[12] Doc. 96.
[13] Doc. 87 at 2.
[14] Doc. 90 at 7.
[15] Doc. 99; Doc. 100.

Case No. 1:12-cr-0272
GWIN, J.

the potential employer that Binney had described reported no acquaintance with Binney and reported that it had not extended an employment offer to him.

### III.    Compassionate Release Framework

In 2018, Congress changed the law to make compassionate release more readily available to federal inmates.[16]  Under the new rules, to bring a motion, a defendant must first meet the "exhaustion requirement" by filing a motion with the prison warden and waiting thirty days.[17]  Binney exhausted his claim and satisfies this requirement.[18]

After that, a defendant must show two things to obtain relief.  First, the defendant must demonstrate that there are "extraordinary and compelling reasons for release."[19] Second, the defendant must show that 18 U.S.C. § 3553(a) sentencing factors also support release.[20]

### IV.    Extraordinary and Compelling Reasons

In general, the Court has "discretion to define [what counts as] 'extraordinary and compelling' on [its] own initiative."[21]

But there are certain circumstances that courts cannot consider.  Courts cannot consider facts that existed when the defendant was originally sentenced.[22]

And, a defendant's COVID-19-based petitions generally cannot warrant relief.  In a 2021 decision, the U.S. Court of Appeals for the Sixth Circuit—whose rulings bind this Court—ruled that a defendant who has the opportunity to receive a COVID-19 vaccine

---

[16] *See United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020) (discussing statute's history and purpose). Binney exhausted his claim.  Doc. 90 at 3.
[17] *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).
[18] Doc. 90 at 3.
[19] *United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *2 (6th Cir. Apr. 14, 2022).
[20] *Id.*  The Sixth Circuit has said that the defendant does not have to make any arguments regarding the Sentencing Commission policy statements.  *Id.*
[21] *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[22] *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021).

- 3 -

Case No. 1:12-cr-0272
GWIN, J.

generally cannot succeed with a compassionate release motion that relies upon the risk of contracting COIVD-19.[23]

Other arguments, however, could warrant relief, especially when taken together. For example, a defendant's age and declining health conditions—independent of COVID-19 risk—may be considered extraordinary and compelling reasons.[24]  Courts have also found extraordinary and compelling reasons where the defendant was "the sole available family member to care reliably for his two minor children."[25]

Lastly, the rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release.[26]  But, evidence demonstrating "rehabilitation may be considered along with other circumstances in deciding whether extraordinary and compelling reasons for early release exist."[27]

## V.    Discussion

Because the Court decides this motion based on Defendant Binney's lack of extraordinary and compelling reasons, it does not need to consider the application of the 18 U.S.C. § 3553(a) factors.[28]

---

[23] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citations omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021).

[24] *See, e.g., United States v. Stacks*, No. 1-cr-135, 2022 WL 1214883, at *3 (W.D.N.C. Apr. 25, 2022) (granting relief where "Defendant (1) [was] more than 65 years old, (2) [was] experiencing a serious decline in his health because of aging, and (3) [ . . . ] served well more than 10 years in prison.").

[25] *United States v. Francisco-Ovalle*, No. 18-cr-526, 2022 WL 1094730, at *2 (S.D.N.Y. Apr. 12, 2022) (citing *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020)).

[26] 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

[27] *United States v. Hernandez-Carrillo*, No. 2:08-CR-55-2, 2022 WL 633568, at *2 (S.D. Ohio Mar. 4, 2022); *see also United States v. Glynn*, No. 06-cr-580, 2022 WL 562652, at *5 (S.D.N.Y. Feb. 24, 2022) ("The Court may now take account of [Defendant's] upbringing and relative youth at the time of the offense conduct in conjunction with the evidence of his rehabilitation and changed character in the twenty years that [Defendant] has been in custody – something the Court could not consider at the time of sentencing – and this contributes to the Court's assessment of the extraordinary and compelling circumstances warranting a reduction in [Defendant's] sentence.").

[28] *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020).

Case No. 1:12-cr-0272
GWIN, J.

Defendant argues that his health conditions of obesity, a history of kidney disease, and smoking are sufficient to constitute extraordinary and compelling circumstances. The Court finds Binney's conditions do not satisfy the extraordinary and compelling standard. As the Court assessed in an earlier order: "Binney has only recently developed slight obesity, and his kidney disease appears to have abated."[29] The Court reviewed Defendant's 2021 and 2022 medical records and finds that Defendant's health has not materially declined.[30]

Defendant also makes several COIVD-19-related arguments. Although Defendant is vaccinated, he cites his own personal risk of serious illness. In addition, he references the documented harsh conditions at FCI Milan—where he is incarcerated—during the pandemic.[31] And he points to five decisions from this Court in which the Court granted compassionate release.

But Defendant does not confront the fact the evidence and authority he puts forward all pre-date the Sixth Circuit's October 2021 above-discussed *Lemons* decision that restricted Sixth Circuit district courts' discretion to grant relief based on such arguments.[32] Defendant's COIVD-19-related arguments are accordingly foreclosed.

Next, Defendant's *pro se* brief references a recent U.S. Sentencing Commission report studying federal sentencing in non-production child pornography offenses.[33] This report concluded that due to advancements in technology, sentencing enhancements that "were only intended to apply to the most serious child pornography offenses were

---

[29] Doc. 77 at 3 (citing Doc. 75-2 at 40; Doc. 76 at 2).
[30] Docs. 94-1 & 94-2 (Sealed).
[31] Dept. of Justice, Office of the Inspector General, *Remote Inspection of Federal Correctional Institution Milan* (2021), https://oig.justice.gov/reports/remote-inspection-federal-correctional-institution-milan.
[32] *See Lemons*, 15 F.4th at 751 (6th Cir. 2021).
[33] United States Sent. Comm'n, *Federal Sentencing of Child Pornography: Non-Production Offenses* 62-66 (2021).

Case No. 1:12-cr-0272
GWIN, J.

routinely applied to most non-production child pornography offenders."[34]  Although the

Court imposed a below-Guidelines sentence, the Court determined that certain

enhancements applied which the report says are "so ubiquitous that they now apply in the

vast majority of cases sentenced under §2G2.2."[35]

The Court declines to grant relief based on this argument.  The non-production child

pornography Guidelines may need reform, as the Sentencing Commission report

recommends.[36]  In sentencing Binney below the recommended Guidelines range, this

Court agreed that the recommended range was too high.

But adjusting the Guidelines is Congress's responsibility.  Accordingly, Congress's

failure to act does not give rise to extraordinary and compelling reasons where the prison

term imposed was a below-Guidelines sentence.[37]

Lastly, Defendant cites to his rehabilitative record, which is laudable.  But Congress

has been clear that rehabilitation, alone, cannot serve as grounds for a reduced sentence.

## VI.    Conclusion

The Court **DENIES** the compassionate release motion.

IT IS SO ORDERED.


Dated: June 8, 2022                                           *s/     James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE

---

[34] *Id.* at 2.  The Sixth Circuit has voiced similar concerns: "In the computer age, we have some doubt that the number of pictures alone captures the gravity of the crime of possession of child pornography."  *United States v. Robinson,* 669 F.3d 767, 778 (6th Cir. 2012) (finding one-day prison sentence so lenient as to be substantively unreasonable).

[35] United States Sent. Comm'n, *Federal Sentencing of Child Pornography: Non-Production Offenses* 4 (2021).

[36] *Id.* at 2.

[37] The Sentencing Commission report's findings could be of assistance in the 18 U.S.C. § 3553(a) inquiry as to whether the sentence "provide[s] just punishment for the offense."