IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 12-cr-272 |
| Plaintiff, : | ORDER |
| : | [Resolving Doc. 102] |
| v. : | |
| RAYMOND M. BINNEY, : | |
| Defendant. : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On January 17, 2023, Defendant Raymond M. Binney filed pro se his fourth motion asking this Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). His latest compassionate release motion raises only one new argument—that he has been scheduled for early release to a halfway house and that this scheduled release shows he is a good candidate for even earlier release.

For reasons detailed below, the Court **DENIES** Defendant's request for compassionate release.

I. BACKGROUND

The Court has already detailed the background of this case in its three previous orders denying Defendant early release. To summarize, in 2012, Binney was convicted of receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). The Court sentenced Binney to 180 months' imprisonment and five years' supervised release. Binney has been incarcerated since his June 1, 2012 arrest. The Bureau of Prisons houses

Case No. 12-cr-272
GWIN, J.

Binney at FCI Milan in Michigan.[1] Binney is scheduled for early release to a halfway house on May 12, 2023.[2]

On January 17, 2023, Binney filed this latest compassionate release motion.[3] On February 7, 2023, the government filed its opposition.[4]

## II. DISCUSSION

### A. Legal Standard

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[5] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may, in certain circumstances, reduce a term of imprisonment based on a request for compassionate release.

An individual defendant may move for compassionate release in district court only after exhausting his administrative remedies.[6] When a defendant brings a compassionate-release motion, the court engages in a two-step analysis. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[7] There is no set definition of "extraordinary and compelling," and district courts have discretion to determine when the condition has been met.[8]

Second, the court must consider "any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction [...] is warranted in whole or in part

---

[1] *See* Doc. 77.
[2] Doc. 102.
[3] Doc. 102, 103.
[4] Doc. 104.
[5] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[6] *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).
[7] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[8] *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) ("A district court's conclusions on those issues are reviewed for an abuse of discretion.")

Case No. 12-cr-272
GWIN, J.

under the particular circumstances of the case."[9]

### B. Analysis

#### 1. Exhaustion

The government argues that Binney failed to exhaust his administrative remedies because he did not attempt a fourth administrative request for compassionate release before filing this latest motion.[10] Instead, Binney points to the Bureau of Prisons' August 2021 denial of his third compassionate release request to show that he was denied administrative relief.[11] The Court agrees with the government that this is insufficient.

"Successive compassionate release motions must independently satisfy the exhaustion requirement."[12] The BOP's August 2021 rejection of Binney's third release request already served as the predicate for his bringing his third compassionate release motion before this Court. It cannot also serve as the predicate for this fourth motion.[13]

#### 2. Extraordinary and Compelling Circumstances

Alternatively, even if Defendant Binney had exhausted his administrative remedies, his motion would not succeed.

Defendant argues that his circumstances are extraordinary and compelling because (1) he is already close to release; (2) the COVID-19 pandemic has worsened the conditions of his confinement; (3) he has shown rehabilitation; and (4) his sentence was harsher than what he contends similarly-situated defendants typically receive.

The Court has already considered and rejected Binney's second, third, and fourth

---

[9] *Id.* at 1108.
[10] Doc. 104 at PageID #: 937-38.
[11] Doc. 102 at PageID #: 922.
[12] *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021).
[13] *United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021).

- 3 -

Case No. 12-cr-272
GWIN, J.

points when he raised them in previous compassionate release motions. He offers no new facts that would change the Court's analysis. And Binney's scheduled early release, if anything, weighs against reducing his sentence further. As such, he demonstrates no extraordinary and compelling circumstances meriting sentence reduction.

### 3. Sentencing Factors

Because Defendant has neither exhausted his administrative remedies nor demonstrated extraordinary and compelling circumstances, the Court need not reach the issue of whether the sentencing factors weigh for or against Defendant.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant Binney's motion for compassionate release.

IT IS SO ORDERED.

Dated: February 10, 2023

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE